```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASENO.10-23230-CIV-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
DEDRICK FERGUSON         :

     Plaintiff,          :       REPORT OF
                                 MAGISTRATE JUDGE
v.                       :

D. CLARK, et al.,        :

     Defendants.         :
_____
```

## I. Introduction

The plaintiff, Dedrick Ferguson filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages, while confined at the Dade Correctional Institution alleging that Officers Martin, Dean, and Clark retaliated against him for filing grievances.

This Cause is before the Court upon a preliminary screening of the complaint pursuant to 28 U.S.C. §1915. The plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> * * *

> (B) the action or appeal –
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

2

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions. See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

<u>Statement of the Claims</u>

The plaintiff alleges that on January 28, 2010, Officer Martin ordered the plaintiff out of his wheel chair or he would spray him,

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

3

causing him to fall and further injure his right knee. The plaintiff filed a grievance and on May 24, 2010, in retaliation for filing the grievance, Martin harassed him. His grievance was subsequently denied and he was threatened with more severe physical harm if he appealed his grievance. In his grievances he states that Martin continued to harass him, and when he attempted to exercise his injured knee, Martin ordered him to "sit down and shut up". (Ex A-2).

He claims that Officer Dean retaliated against him for filing grievances against her by ignoring his medical emergency, kicking him in his right leg, and placing him in confinement under false assertions.

He contends that Officer Clark retaliated against him for using the grievance process by verbally threatening him that he would take punitive action. The plaintiff seeks monetary damages and injunctive relief.

### Retaliation

Retaliation by prison officials against an inmate for filing administrative grievances is cognizable in a civil rights suit for damages. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989). Under certain circumstances, such retaliation may violate both the inmate's right of access to the courts and/or his First Amendment rights. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986).

In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. Adams v. James, 797 F.Supp. 940, 948 (M.D. Fla. 1992)

4

(citing Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977)).  A claim of retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis.  Adams, supra, 797 F.Supp. at 948 ("but for" the retaliatory motive, the incidents to which the plaintiff refers would not have taken place).

In the prison context at least one Circuit has applied the "but for" standard to inmate claims of retaliation. See McDonald v. Hall, 610 F.2d 16, 18 (1 Cir. 1979). The Eleventh Circuit, however, has declined to follow the "but for" analysis in the context of prisoner retaliation suits, "to the extent that the 'but for' test places a greater burden of proof on the inmate." Adams v. Wainwright, 875 F.2d 1536, 1537 (11 Cir. 1989). Instead, the analysis applied in this Circuit to a prisoner retaliation claim requires a "mutual accommodation" between the penal institution's legitimate needs and goals and the prisoner's retained constitutional rights, under the "reasonableness" test set forth in Turner v. Safley, 482 U.S. 78 (1987). Adams v. James, supra, at 948.

Certain means of "retaliation" may be so de minimis as not to inhibit or punish an inmate's rights of free speech.  Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response.  Borrowing from Johnson v. Glick, 481 F.2d 1028, 1033 (2 Cir.), cert. denied sub nom. Employee-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033 (1977), Graham v. Connor, 490 U.S. 386, 396 (1989), notes that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment.  Similarly, not every unnecessary statement of a prison guard regarding an inmate's exercise of free speech violates the

First Amendment. By developing a standard of de minimis actions, courts can screen out frivolous or non-meritorious claims of retaliation during the in forma pauperis complaint review under 28 U.S.C. § 1915.  In other words, the plaintiff must demonstrate that he suffered more than a de minimis inconvenience. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 786 (4 Cir. 1993); see also Bart v. Telford, 677 F.2d 622, 625 (7 Cir. 1982)("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable. . . .").

Analysis of complaint

In the present case, the plaintiff claims a pattern of retaliation by Officers Martin and Dean for filing grievances, at times resulting in physical assault. He has minimally stated a claim for retaliation against these two officers.

The plaintiff's claim of retaliation by Officer Clark, that he threatened to take some punitive action against him in the future, is too vague to meet the Twombly standard, and should therefore be dismissed.

The plaintiff has not specified whether he intends to sue the defendant deputies in their individual and official capacities. A §1983 suit against the defendants in their official capacity is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment.  Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986).  The allegations of the complaint, however, state a classic case of officials acting outside the scope of their duties and in an arbitrary manner.

6

Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity.

### III.   Recommendation

Based on the foregoing, it is recommended that:

1. The claims of retaliation against Officers Dean and Martin shall continue, in their individual capacities.

2. The claim of retaliation against Officer Clark shall be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.


Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 3rd day of January, 2011.

                                              UNITED STATES MAGISTRATE JUDGE


cc:   Dedrick Ferguson, Pro Se
      DC#732024
      South Florida Reception Center
      Address of record